**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

DEC 11 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, Plaintiff - Appellee, v. TORI ROCHELLE WENTZ, Defendant - Appellant. | No. 24-7710 D.C. No. 2:22-cr-00127-RMP-1 MEMORANDUM[*] |

Appeal from the United States District Court
for the Eastern District of Washington
Rosanna Malouf Peterson, District Judge, Presiding

Submitted November 21, 2025[**]
Seattle, Washington

Before: W. FLETCHER, PAEZ, and DESAI, Circuit Judges.

Tori Rochelle Wentz appeals the district court's denial of her motion to

suppress evidence obtained from a search of her car. Officer Shawn Cody Tylock

stopped Wentz in connection with an active drug-related warrant and seized her car

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

after observing drugs and drug paraphernalia on the passenger seat. Wentz entered a conditional guilty plea to possession with intent to distribute methamphetamine, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(A)(viii). She argues that the seizure of her car violated the Fourth Amendment. We have jurisdiction under 28 U.S.C. § 1291. We affirm.

We review the lawfulness of an automobile seizure de novo. *United States v. Bagley*, 772 F.2d 482, 489 (9th Cir. 1985). We review the district court's rulings on the validity of search warrants de novo and findings that probable cause supports a warrant for clear error. *United States v. Underwood*, 725 F.3d 1076, 1081 (9th Cir. 2013).

1.      Officer Tylock's warrantless seizure of Wentz's car did not violate the Fourth Amendment because it was supported by probable cause, and thus the automobile exception applies. *See Bagley*, 772 F.2d at 491. Probable cause exists if there is "a fair probability that contraband or evidence of a crime will be found in a particular place." *Illinois v. Gates*, 462 U.S. 213, 238 (1983).

Here, there was a "fair probability" that Wentz's car contained evidence of possession of a controlled substance with the intent to deliver. *See id.* Officer Tylock observed Wentz's car parked in a known "hotspot" for criminal activity, looked up her license plate and learned there was an active warrant for probation violations stemming from a prior charge for amphetamine distribution, concluded the previous

booking photo matched the person in the driver's seat of the car, and saw through the window roughly 50 bluish pills that looked like fentanyl pills, foil with burn marks, a scale, and multiple bags, pouches, and metal containers throughout the car. All of this information provided Officer Tylock with probable cause that Wentz's car contained evidence of a crime. Therefore, the automobile exception applies, and the seizure was reasonable under the Fourth Amendment.

2.  Officer Tylock searched Wentz's car pursuant to a valid search warrant because there was a "substantial basis" for the issuing judge's conclusion that the warrant was supported by probable cause. *See United States v. Tan Duc Nguyen*, 673 F.3d 1259, 1263 (9th Cir. 2012) (citation omitted). "[T]here must be a fair probability both that a crime has been committed and that evidence of its commission will be found in the location to be searched." *Id.* (citation omitted).

Considering the totality of the circumstances set out in Officer Tylock's declaration, there was a "fair probability" that Wentz committed the crime of possession of a controlled substance with intent to deliver and that evidence of its commission would be found in Wentz's car. The issuing judge therefore had a "substantial basis" for concluding that probable cause existed and did not clearly err by issuing the search warrant. *See Gates*, 462 U.S. at 238–39.

Because Officer Tylock searched Wentz's car pursuant to a valid search warrant, we do not address whether the good faith exception to the exclusionary rule applies.

**AFFIRMED.**

24-7710